UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID BLASZKOWIAK,

                              Plaintiff,

v.                                              Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff David Blaszkowiak is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to the U.S. Department of Education. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by The U.S. Department of Education to collect on the subject debt.

13. That in or about May, 2009, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That in or about May, 2009, Defendant contacted Plaintiff's neighbor Daniel Page. Defendant explained to Mr. Page that he was trying to contact Plaintiff because Plaintiff owed a debt.

15. That in or about May, 2009, Defendant caller Tyrone Dixon contacted Plaintiff on his cellular phone while he was working. In the first of these aforementioned calls, Plaintiff explained that he could not talk because he was working and requested that Defendant not call in the afternoon while he was working. That despite Plaintiff's request, Defendant continued to contact Plaintiff at this inconvenient time.

16. That in or about May, 2009, Defendant again contacted Plaintiff in the afternoon while working. The caller stated he was debt collector from NCO but would not give his name. Plaintiff again informed Defendant that in the afternoon he works and it is inconvenient for Defendant to contact him at this time. Defendant then became very rude and aggressive towards Plaintiff asserting in a threatening voice "you need to pay this debt!"

17. That Defendant continued to call the Plaintiff during the afternoon despite his requests not to call him during his work hours. These calls have persisted from May, 2009 through August, 2009.

18. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this Complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by stating aggressively "you need to pay this debt!", language the natural consequence of which is to abuse the hearer as described in paragraph 16.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by communicating to Plaintiff's neighbor that Plaintiff owes a debt.

    D. Defendant violated 15 U.S.C. §1692c(a)(1) by repeatedly contacting Plaintiff in the afternoon while Plaintiff was working, after knowing it to be inconvenient to the Plaintiff.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

   (a) Actual damages;

   (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 8, 2009

       /s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
       kirving@kennethhiller.com